UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAUNCEY SHIVERS,

Plaintiff,

v.

DETROIT POLICE OFFICER
JOHN DOE 1, et al.,

Defendants.
_______________________________/

Case No. 2:26-cv-12469

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 7) AND DISMISSING COMPLAINT IN PART (ECF No. 1)**

In July 2026, *pro se* Plaintiff Chauncey Shivers filed this civil rights action in response to his seizure by Detroit police officers, subsequent psychiatric hospitalization, and a Wayne County Probate Court commitment proceeding. ECF No. 1. He also applied to proceed *in forma pauperis* ("IFP"), ECF Nos. 1; 2, which, as revised, ECF No. 7, supports his claim of poverty and will be granted. However, as explained below, the Complaint will be partially dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2) for failure to state a claim.

## I. BACKGROUND

According to the Complaint,[1] Shivers's mother contacted the Detroit Police Department ("DPD") about a household dispute on June 16, 2025. ECF No. 1 at PageID.2. Two unidentified DPD officers arrived, handcuffed Shivers, and transported him to Sinai Grace Hospital ("Sinai Grace"). *Id.* Shivers alleges that the officers did not observe any emergency, threats of self-harm by him, or danger to others and took him to the hospital merely to remove him from the residence. *Id.*

Shivers alleges that Defendant Thomas Kramer evaluated him at Sinai Grace, and that a staff member later told him he was free to leave, but hospital personnel nevertheless detained him and arranged his transfer to Team Wellness Center ("TWC"). *Id.* at PageID.2–3. Shivers asserts that TWC failed to obtain a timely "clinical certificate," kept him in custody after its authority to do so expired, and relied on a purported voluntary-consent form that he did not knowingly execute. *Id.* at PageID.3–4. He was transferred to Harbor Oaks Hospital ("Harbor Oaks") on June 20, 2025. *Id.* at PageID.3. There, he alleges, staff coerced his signature on another voluntary admission form and falsified medical records. *Id.* at PageID.4–5.

Shivers also challenges the proceedings concerning his commitment in the Wayne County Probate Court, where a hearing was scheduled for June 30, 2025.

---

[1] Shivers uses both he/him and they/them pronouns to refer to self in the Complaint. *See* ECF No. 1 at PageID.2–3. This opinion uses he/him pronouns, consistent with much of the Complaint, and with Shivers' latest Motion for Leave to Take Expedited Discovery to Identify Unknown Fourth Amendment Defendants. *See* ECF No. 4.

ECF No. 1 at PageID.5. The probate court appointed Defendant Tenisha Wardford to represent him in those proceedings. ECF No. 1-1 at PageID.29. Shivers alleges that Defendant Patricia Coltman, Harbor Oaks's court liaison, falsely reported that he had declined to attend the hearing, although he had asked to participate that morning and had never signed a waiver. ECF No. 1 at PageID.5. A June 30 letter signed by Coltman on Harbor Oaks letterhead states that Shivers refused to attend the hearing that day. ECF No. 1-1 at PageID.28. Shivers further alleges that, to "cover up the unlawful gaps in active legal authority, the initial over-hold, and the subsequent unauthorized . . . physical detention committed by [TWC]," Defendant Dr. Raminder Chhatwal and hospital personnel altered clinical records and his mother's petition. ECF No. 1 at PageID.5–6. He alleges that Wardford falsely certified that she had consulted with him and permitted the hearing to proceed in his absence without a signed waiver. *Id.* at PageID.6. According to Shivers, those proceedings resulted in forced medication and a probate court order requiring six months of assisted outpatient treatment. *Id.*

Based on these allegations, Shivers brings three claims in his Complaint. Count I asserts false imprisonment against the two John Doe DPD officers, Sinai Grace, TWC, Harbor Oaks, and Kramer, alleging that Shivers's confinement was not lawful because Defendants disregarded Michigan's statutory safeguards and relied on falsified records. *Id.* at PageID.6–7. Count II asserts abuse of process and

fraud on the court against TWC, Harbor Oaks, Chhatwal, Coltman, and Wardford, alleging that they manipulated the commitment proceedings through fabricated documents and misrepresentations to secure his continued confinement and involuntary medication. *Id.* at PageID.7. Count III asserts claims under 42 U.S.C. § 1983 against the two DPD officers and Coltman for unreasonable seizure under the Fourth Amendment and violations of procedural and substantive due process under the Fourteenth Amendment. *Id.* at PageID.7–8. Shivers seeks damages and declaratory relief that the 2025 commitment order is void because of fraud. *Id.* at PageID.8. As stated, he also applied to proceed IFP.[2] ECF Nos. 1; 2; 6; 7.

## III. LEGAL STANDARD

Because Shivers proceeds IFP, this Court must screen his complaint under 28 U.S.C. § 1915(e)(2). This Court must dismiss any claim that is frivolous or

[2] Shivers filed his Complaint and initial IFP application on July 20, 2026. ECF Nos. 1; 2. On July 30, 2026, this Court struck the application because Shivers had not supplied information about nonwage income, property, expenses, dependents, and financial obligations. ECF No. 6 at PageID.51–52. This Court directed him to submit a revised application by August 28, 2026. *Id.* at PageID.52. Shivers did so on August 24, 2026. ECF No. 7. The application reports no wages, an $800 one-time gift, $432 in cash or bank accounts, no other property, no regular monthly expenses or dependents, and a $477.75 debt. *Id.* at PageID.54–55. Although the income-source checkboxes remain unmarked, the application now discloses critical financial information. *Id.* Considering Shivers's limited funds, lack of wage income, and outstanding debt, this Court finds that the revised application sufficiently supports his claim of being unable to prepay the filing fee and will grant his request to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1).

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The Civil Rule 12(b)(6) standard governs dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Shivers also proceeds *pro se*, so his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). Even so, *pro se* status does not excuse basic pleading requirements or require this Court to supply allegations that have not been pleaded. *See Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017). Shivers's Complaint must therefore provide a short and plain statement showing entitlement to relief and giving each Defendant fair notice of the claim and its grounds. FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain sufficient factual matter, accepted as true, to state a plausible claim for relief. *Hill*, 630 F.3d at 470–71. Legal conclusions and unsupported assertions do not receive a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

## IV. DISCUSSION

### A. Federal Claims against Coltman (Count III)

Shivers brings a § 1983 claim against Coltman, the Harbor Oaks's court liaison, based on her alleged role in preventing his participation in the commitment

hearing. ECF No. 1 at PageID.5, 7–8. But the Complaint alleges no facts showing that Coltman was a state employee or that her challenged conduct was otherwise attributable to the State. Therefore, this Court must dismiss the § 1983 claim against her.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a federal right by a person acting under color of state law. *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995). A private party's conduct may qualify when it performs a function traditionally reserved exclusively to the State, acts under State compulsion, or has a sufficiently close nexus with the State in carrying out the challenged conduct. *Id.* Participation in a statutory civil commitment process does not, by itself, establish State action. *Id.* at 195–97.

Here, Coltman is not identified as a public official. Rather, Shivers identifies her as a *private* court liaison, and the attached letter bears Harbor Oaks's letterhead. ECF No. 1 at PageID.9; ECF No. 1-1 at PageID.28. He alleges that Coltman knowingly misreported his wishes to the probate court, but he does not allege facts showing that she was a court employee or that a state official agreed to, directed, or knowingly participated in that misrepresentation. *See generally* ECF No. 1. Coltman's submission of allegedly false information to the probate court does not, without more, establish that she acted under color of state law. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (explaining that merely resorting to the courts and prevailing

does not make a private party a joint actor with the judge); *see also Weser v. Goodson*, 965 F.3d 507, 516–17 (6th Cir. 2020) (holding that a private party's allegedly deliberate falsehoods to police did not establish state action or joint participation with state officials). Accordingly, this Court will dismiss Count III as to Coltman. *See* 28 U.S.C. § 1915(e)(2)(B).

**C. Federal Claims Against John Doe DPD Officers**

The John Doe DPD officers, unlike Coltman, allegedly acted under color of state law. Shivers alleges that both officers handcuffed him and transported him for psychiatric evaluation, despite observing no emergency or threat. ECF No. 1 at PageID.2. Therefore, Shivers's § 1983 claims may proceed against the DPD officers.

Shivers also raises procedural and substantive due process claims. ECF No. 1 at PageID.7–8. To the extent he uses substantive due process to challenge the same initial seizure, the Fourth Amendment supplies the specific constitutional protection governing that conduct. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). Because Shivers alleges no distinct factual basis for a substantive due process claim against the officers, that claim will be dismissed. *See Estate of Dietrich v. Burrows*, 167 F.3d 1007, 1013 (6th Cir. 1999) (affirming summary judgment on a substantive due process claim because the challenged arrests were governed by the Fourth Amendment).

Nor does he allege facts showing that either officer violated his procedural due process rights by, for example, participating in the later denial of a hearing, altering medical records, or forcing medication. The collective assertion that defendants carried out a simulated hearing does not establish either DPD officer's personal involvement. *See Iqbal*, 556 U.S. at 676. In turn, this claim will also be dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Although the caption names the officers only in their individual capacities, Count III also refers to official capacities. ECF No. 1 at PageID.1, 7. An official-capacity claim is a claim against the municipality and requires allegations connecting the violation to a municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 694 (1978). Shivers identifies no such policy or custom. Therefore, this Court will dismiss without prejudice any official-capacity § 1983 claims against the DPD officers. *See* 28 U.S.C. § 1915(e)(2)(B).

**D. Fraud on the Court**

As for Count II, "fraud on the court" does not supply an independent federal claim under § 1983. *See Lewis v. Walker*, No. 17-6041, 2018 WL 4348063, at *4 (6th Cir. Mar. 15, 2018) (rejecting an independent fraud-on-the-court claim seeking damages for alleged fraud in a prior state proceeding). Indeed, Civil Rule 60(d)(3) preserves a court's power to "set aside a judgment for fraud on the court," but it does not itself create a cause of action for damages. Fed. R. Civ. P. 60(d)(3); *see Lewis v.*

*Walker*, No. 3:16-CV-486, slip op. at 17–18 (E.D. Tenn. Aug. 22, 2017), *aff'd*, No. 17-6041, 2018 WL 4348063 (6th Cir. Mar. 15, 2018). Accordingly, Count II will be dismissed to the extent it asserts an independent federal damages claim for fraud on the court. See 28 U.S.C. § 1915(e)(2)(B)(ii).

In sum, the following claims will proceed:

| COUNT | CLAIM | DEFENDANTS |
|---|---|---|
| I | False imprisonment under Michigan law | John Doe 1; John Doe 2; Sinai Grace Hospital; Team Wellness Center; Harbor Oaks Hospital; Thomas Kramer |
| II | Abuse of process under Michigan law | Team Wellness Center; Harbor Oaks Hospital; Dr. Raminder Chhatwal; Patricia Coltman; Tenisha Wardford |
| III | Unreasonable seizure under the Fourth Amendment, actionable under 42 U.S.C. § 1983 | John Doe 1 and John Doe 2, in their individual capacities |

As provided above, all other claims will be dismissed without prejudice under § 1915(e)(2).

## V. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepaying Fees or Costs, ECF No. 7, is **GRANTED**;

2. Plaintiff's § 1983 claims against Defendant Coltman are **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiff's separate Fourteenth Amendment claims and any official-capacity § 1983 claims against John Doe 1 and John Doe 2 are **DISMISSED WITHOUT PREJUDICE**; and

4. Any independent federal damages claim under Rule 60(d)(3) is **DISMISSED** to the extent it exists.

**IT IS SO ORDERED.**

*<u>/s/Susan K. DeClercq</u>*
SUSAN K. DeCLERCQ
United States District Judge

Dated: November 25, 2026